### OTHNIEL JEWETT *vs.* DAVID P. AND WILLIAM NASH.

This Court has not authority, under the act relating to partition of real estate, to assign the interest of one tenant in common to a co-tenant, nor to order the interest of one of several tenants in common to be sold : and a petition praying the Court to make such order, was dismissed with costs.

This was a petition under the act of October 20, 1797, relating to the " partition of real estate in certain cases." The petitioner stated in his petition that he was seized in fee of an undivided fourth part of certain real estate, consisting of a small piece of land and a grist-mill standing thereon, in common with the petitionees ; and that said estate could not be divided without great inconvenience to the parties ; and praying that the Court would order the interest of the petitioner to be assigned to either of the petitionees, who might be willing to pay therefor such sum as the same should be adjudged to be worth by commissioners to be appointed by the Court ; or, in case neither of said petitionees should be willing to take such assignment, and make such payment, that the Court would order that the petitioner's share and interest in the premises be sold.

The opinion of the Court was delivered by,

WILLIAMS, J.—The petition in this case is demurred to. If the petition had simply asked for a partition, leaving it to the Court to make order for a division, or to assign the land to one of the parties, or to make sale of the whole, as from the evidence in the case should appear to be best—the Court might have retained the petition, and rendered such judgement as the case required, al-

ADDISON,
January,
1832.

Jewett
vs.
Nash et al.

though it would have been as well, and probably better, if the facts would warrant it, for the petitioner to state, that the land could not be divided, without great inconvenience, and pray that the same might be assigned or sold, as the Court should judge just and equitable. This petitioner asks the Court to do that which they are not authorized to do by statute, and does not ask for any thing which they can grant.

The prayer is not that the whole may be assigned to one of the parties, he paying such sum to the other as the commissioners shall judge just and equitable ; but that the interest of the petitioner alone might be assigned to one of the other tenants. The further prayer is, not for a sale of the whole premises, as the statute requires, but that the Court would order the petitioner's share and interest in the premises to be sold. This he might sell without the aid or order of the Court.

The petition is not in conformity to the statute, and the judgement of the Court is, that the petition is insufficient, and must be dismissed, and the petitionees recover their cost.

*Doolittle,* for petitioner.
*Bates,* for petitionees.